UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO PAGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:22-cv-01420<br><br>(SAPORITO, M.J.) |

ORDER

**AND NOW, this 14th day of September, 2023**, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1.  The defendants' motion to dismiss (Doc. 30) is **GRANTED**;

2.  Count I of the amended complaint (Doc. 26), asserting § 1983 Eighth Amendment deliberate indifference claims, is **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

3.  The court **DECLINES** to exercise supplemental jurisdiction over Count II of the amended complaint (Doc. 26), asserting state-law negligence claims, pursuant to 28 U.S.C. § 1367(c)(3);

4.  The plaintiff's surviving state-law negligence claims shall be

**REMANDED** to the Court of Common Pleas of Cumberland County, Pennsylvania, for further proceedings, pursuant to the court's inherent authority to remand supplemental claims, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988);[1] and

    5.    The clerk shall mark this case as **CLOSED**.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[1] *See generally Salazar v. San Juan Cnty. Detention Ctr.*, 301 F. Supp. 3d 992, 1008–09 (D.N.M. 2017) ("[A] remand under § 1367(c) is not, despite the text and structure of the relevant statutes, a remand under § 1447, but rather a remand under § 1367(c) and *Carnegie-Mellon University v. Cohill*.").